# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| GEORGE SCOTT INGRAM, § | |
| § | |
| Plaintiff, § | |
| vs. § | |
| § | CASE NO. _____ |
| FREEDOM MORTGAGE § | |
| CORPORATION § | Jury Trial Demanded |
| § | |
| Defendant. § | |

## COMPLAINT

Mr. George Scott Ingram states the following as his complaint against Freedom Mortgage Corporation ("Freedom Mortgage").

## PARTIES

1. Plaintiff Scott Ingram is an adult resident citizen of the state of Alabama, whose principal residence is in Bibb County, Alabama.

2. Defendant Freedom Mortgage Corporation is, upon information and belief, a New Jersey corporation, with its principal place of business located in Mount Laurel, New Jersey. Freedom Mortgage is registered to do business in Alabama, and its registered agent for service of process in Alabama is:

CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

1

## SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction of the Plaintiff's claims arising under federal law pursuant to 28 U.S.C. § 1331.

4. This Court has subject matter jurisdiction of the Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

## VENUE

5. The Western Division of the Northern District of Alabama is the proper venue for this action pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to this action occurred within this district and division. Likewise, the property that is the subject of this action is located within this district and division.

## FACTS AND EVENTS GIVING RISE TO THE PLAINTIFF'S CLAIMS

6. Mr. Ingram has a home mortgage loan, secured by the property located at 3115 Hopewell Church Road in West Blocton, Alabama, which originated in or around 2008.

7. From some time in 2012 to around December 2015, Ocwen Loan Servicing was the mortgage servicer for Mr. Ingram's loan.

8. While Ocwen Loan Servicing was servicing Mr. Ingram's home loan, Mr. Ingram filed for Chapter 13 bankruptcy. Mr. Ingram completed his three year bankruptcy plan and was discharged from bankruptcy in April 2016.

9. Mr. Ingram's mortgage was not a part of his bankruptcy plan and was not discharged in bankruptcy.

10. In or around December 2015, Freedom Mortgage began servicing Mr. Ingram's home loan.

11. At the time that the loan servicing was transferred from Ocwen to Freedom Mortgage, Mr. Ingram's account was paid current.

12. Since the time of transfer to Freedom Mortgage, Mr. Ingram has made each and every monthly payment to Freedom.

13. Freedom Mortgage has shown inconsistent balances, payments due that needed retroactive application, late fees, and other fees for which no accounting has been provided.

14. Freedom Mortgage has inaccurately reported information to credit reporting agencies regarding Mr. Ingram, including stating that his home mortgage was discharged in his Chapter 13 bankruptcy.

15. On or about March 16, 2017, Freedom Mortgage assessed a "fee" of $166.00 to Mr. Ingram's mortgage loan account. No explanation was given for this fee. Mr. Ingram was not late on any payments, so there was no basis for assessing a late fee to his account, and Freedom Mortgage had no other basis for assessing this fee to his loan account. The assessment of this fee was a servicing error by Freedom Mortgage.

16. On several occasions, Mr. Ingram requested an explanation for this fee. Freedom Mortgage never provided any explanation for the fee, or removed the fee from his mortgage loan account. Freedom Mortgage continues to send statements to Mr. Ingram showing this fee as an additional charge on his mortgage loan account.

17. On June 13, 2017, the undersigned attorney for Mr. Ingram sent a Qualified Written Request and Notice of Error (QWR) to Freedom Mortgage requesting corrective action be taken. Freedom Mortgage acknowledged receipt of the QWR on July 31, 2017 in a letter to Mr. Ingram, and stated it would respond by August 21, 2017.

18. Freedom Mortgage did not respond to the QWR by August 21, 2017. In fact, as of the date of filing this complaint, Freedom Mortgage still has not responded the QWR, and has not taken any action to correct its errors in the servicing of Mr. Ingram's mortgage loan account.

19. In addition to requesting correction of the serving errors, the QWR also requested that Freedom Mortgage provide certain information regarding Mr. Ingram's mortgage loan account. As of the date of this complaint, Freedom Mortgage has not responded with the information requested in the QWR.

## COUNT I

20. Paragraphs 1-19 are incorporated herein by reference as if fully set out verbatim.

21. On or around June 13, 2017, Mr. Ingram, by and through his attorney of record, sent Freedom Mortgage a QWR pursuant to 12 U.S.C. § 2605(e) of RESPA.

22. In the QWR, Mr. Ingram demanded that Freedom Mortgage correct certain errors and provide certain information.

23. Freedom Mortgage acknowledged receipt of the QWR on July 31, 2017, but did not make appropriate corrections to the errors or provide the information requested in the QWR.

24. Freedom Mortgage's failure to rectify the errors or provide the requested information set forth in Mr. Ingram's QWR is a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) and is part of a pattern and practice of noncompliance with § 2605.

WHEREFORE, Mr. Ingram demands judgment against Freedom Mortgage for statutory and actual damages for both economic and noneconomic injuries (including mental anguish and emotional distress) pursuant to 12 U.S.C. § 2605(f)(1), costs, expenses, and attorneys' fees pursuant to 12 U.S.C. § 2605(f)(3)

or as otherwise allowed by law, and such other and further relief as a jury may award or this Court may deem just and proper.

## COUNT II

25. Paragraphs 1-24 are incorporated herein by reference as if fully set out verbatim.

26. The note and mortgage established a contract that was binding on Freedom Mortgage.

27. Freedom Mortgage breached this contract with Mr. Ingram through its incorrect application of fees to his account and failure to account for Mr. Ingram's discharge from bankruptcy.

28. As a result of said breach, Mr. Ingram was damaged, such damage including mental anguish and/or emotional distress.

WHEREFORE, Mr. Ingram demands judgment against Freedom Mortgage for compensatory damages (including mental anguish and emotional distress), prejudgment interest, court costs, and such other and further relief as a jury may award or this Court may deem just and proper.

## COUNT III

29. Paragraphs 1-28 are incorporated herein by reference as if fully set out verbatim.

30. Freedom Mortgage has intentionally, recklessly, wantonly, maliciously, and/or negligently misrepresented the fees, finance charges, and penalties which actually were, were to be or could be assessed and collected from Mr. Ingram.

31. Said representations were made with the intent that Mr. Ingram rely upon them and he did so rely on them.

32. Freedom Mortgage benefited from Mr. Ingram's reliance.

33. As a result of said conduct, Mr. Ingram was damaged, such damage including mental anguish.

WHEREFORE, Mr. Ingram demands judgment against Freedom Mortgage for compensatory damages, punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

Respectfully submitted,

*/s/ Chad L. Hobbs*
Chad L. Hobbs (HOBBC1013)
Attorney for Plaintiff

**Of Counsel:**

Rosen Harwood, P. A.
2200 Jack Warner Pkwy, Ste. 200
P.O. Box 2727
Tuscaloosa, AL 35403
(205) 344-5000
chobbs@rosenharwood.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38.**

          Respectfully submitted,

          */s/ Chad L. Hobbs*
          Chad L. Hobbs (HOBBC1013)
          Attorney for Plaintiff

Defendant to be served by certified mail at the address listed below.

**Defendant's Address:**

Freedom Mortgage Corporation
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104